**In re BELIZE AIRWAYS LIMITED, Debtor.**

**William D. SEIDLE, Trustee, Plaintiff,**

v.

**AIR TRANSPORT LEASING COMPANY and Robert Dee, Defendants.**

**Bankruptcy No. 80–00199–BKC–SMW.**

United States Bankruptcy Court, S. D. Florida.

Sept. 15, 1980.

Timothy J. Norris, Miami, Fla., for plaintiff.

Burt E. Redlus, Miami, Fla., for defendant, Air Transport Leasing Co. and Robert Dee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS MATTER was tried by the Court on September 2 and September 8, 1980. The Court heard the testimony and examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel and was otherwise fully advised in the premises, and hereby makes the following findings of fact and conclusions of law.

A creditor's petition was filed against Belize Airways Limited ("BAL") on February 25, 1980, and BAL consented to the entry of an Order for Relief under Chapter 11 of the Bankruptcy Code. Thereafter, on April 4, 1980 William D. Seidle was appointed as Trustee for the estate of BAL.

On July 2, 1980, the Trustee filed an adversary proceeding to recover property of

the estate, including six volumes of computer printouts pertaining to aircraft parts and maintenance of the aircraft from the Defendants Air Transport Leasing Company ("ATLC") and Robert Dee.

This Court has jurisdiction of this adversary proceeding under 28 U.S.C. § 1471.

Based upon Robert Dee's own testimony, the Court finds that he had possession of certain computer printouts pertaining to parts and maintenance records for each of the five aircraft owned by BAL and pertaining to the spare parts for the aircraft. At the time he was in possession, custody and control of the printouts, Dee was aware of the institution of bankruptcy proceedings and of the appointment of the Trustee.

Dee testified that he gave the printouts to Oscar Castro after the Trustee had been appointed.

Oscar Castro (who also testified) was General Manager or President of BAL from 1976 until the end of January, 1980 when his relationship with BAL was terminated. However, Oscar Castro testified that he had never seen the computer printouts after January of 1980 and had not received them from Dee. Although the testimony of Dee and Castro is conflicting on this point, it is not necessary to determine whether Dee turned over the printouts to Castro since Castro's testimony is uncontested, and the Court so finds, that he had no office or position with BAL after January, 1980. Even if Dee had turned over the printouts to Castro, Castro at that time was not acting for the debtor in possession (before the Trustee was appointed) or the debtor.

The computer printouts are of not insubstantial value to the estate, and Dee recognized the value of the printouts to BAL: He testified that without the printouts the aircraft could not be sold. These printouts also were property which the Trustee could use, sell or lease under 11 U.S.C. § 363.

Dee testified that ATLC acquired a security interest in property of BAL, including the five aircraft owned by BAL, and was attempting to arrange financing for BAL. His testimony was that he was acting as an agent protecting the interests of ATLC in the United States, in particular, the security interest on BAL's property. Dee testified that he was interested in the printouts because he knew that the aircraft could not be sold without them. He further testified that he was and is a "minor principal" in ATLC. Based upon this testimony, the Court finds that Dee acted on behalf of ATLC and that, by retaining possession of the printouts, he was acting within the scope of his relationship with ATLC.

From the testimony of William Cole, who, along with Glenn McLain, produced the original printouts, the Court finds that the printouts could be substantially reproduced for a sum of $16,000.00 to $40,000.00, depending on whether BAL had to recompile the data from the original sources or could purchase a copy of the printout from Mr. McLain.

Pursuant to 11 U.S.C. § 542, a person with knowledge of the institution of bankruptcy proceedings has a duty to turn over to the Trustee property of the estate which the Trustee can use, sell or lease under 11 U.S.C. § 363 of which he has possession, custody or control and to account for the property or its value, unless the property is of inconsequential value or benefit to the estate. Dee and ATLC failed to comply with the duty imposed by § 542 to turn over property of the estate which was in their possession at the time the case was instituted and the Trustee appointed. Even if Dee gave these printouts to Castro, Dee still would not have complied effectively with the statute because Castro was not in a position to accept these printouts on behalf of the estate, as his position with BAL had terminated in January of 1980.

Because of Dee's and ATLC's failure to comply with the statutory requirements when they were aware of the pendency of bankruptcy proceedings and appointment of the Trustee, they will be required to turn over this property to the Trustee, if they still have possession of the six volumes of computer printouts. However, if they no longer have custody, possession or control of the original printouts, they will be required

to deliver a substantial equivalent of the printouts to the Trustee by arranging to have the computer printouts reproduced.

The Court will enter a judgment in accordance with these findings of fact and conclusions of law and will retain jurisdiction of this matter to ensure compliance with that judgment.